IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARRISON MULFORD III, RHONDA NEWBY,
CORY FOX, and RICHARD DeLUNA, on behalf
of themselves and all others similarly situated,

        Plaintiffs,

v.                                                                   No. CIV 05-659 MV/RHS

ALTRIA GROUP, INC., and
PHILIP MORRIS, USA, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Philip Morris USA Inc.'s ("Philip Morris") Motion for Reconsideration (Doc. No. 85, filed March 30, 2007). For the reasons stated below, the Court will **DENY** the Motion.

**Background**

Plaintiffs are smokers and have brought a class action suit against Defendants who they allege manufactured "lowered tar" or "Lights" filtered cigarettes. (Memorandum Opinion and Order at 2, Docket No. 83, filed March 16, 2007). Plaintiffs allege that Defendants violated the New Mexico Unfair Trade Practices Act ("UPA") by falsely representing that their product is "light" and/or delivers "lowered tar and nicotine" in comparison to regular cigarettes, fraudulently concealing the true nature of their "Lights" cigarettes. (*Id.* At 24-25).

Philip Morris filed a Motion for Summary Judgment Based on Federal Preemption under FCLAA's Express Preemption Provision, 15 U.S.C. § 1334(b) (Doc. No. 54, filed May 5, 2006, "Express Preemption Motion") asserting that Plaintiffs' UPA claim must be dismissed because it is preempted by the Federal Cigarette Labeling and Advertising Act's ("FCLAA") express

preemption provision set forth in 15 U.S.C. § 1334(b).  Philip Morris also filed a Motion for Summary Judgment based on N.M. Stat. Ann. § 57-12-7 and Implied Federal Preemption (Doc. No. 53, filed May 5, 2006, "Implied Preemption Motion") arguing that Plaintiffs' UPA claim must be dismissed because it is preempted under principles of implied conflict preemption and because Philip Morris' action were exempt from liability under the UPA, as they were "expressly permitted" by the FTC.

The Court granted the Express Preemption Motion as to Plaintiffs' claims based on fraudulent concealment, failure to warn, and warning neutralization and denied the Express Preemption Motion as to Plaintiffs' claim based on a theory of fraudulent misrepresentation. (Memorandum Opinion and Order ("Order") at 60, Doc. No. 83, filed March 16, 2007).  The Court denied the Implied Preemption Motion.  (*Id.* At 61).

Philip Morris then filed the Motion for Reconsideration now before the Court.  Philip Morris contends that reconsideration is warranted for two separate reasons: (1) the Court overlooked the Fifth Circuit's recent and directly contrary decision in *Brown v. Brown & Williamson Tobacco Corp.*, 479 F.3d 383 (5th Cir. 2007), and (2) the Federal Trade Commission ("FTC") expressly permits the use of the terms "Lights" and "lowered tar and nicotine" on cigarette packages.  (Motion at 1-2).

***Brown v. Brown & Williamson Tobacco Corp.***

In *Brown v. Brown & Williamson Tobacco Corp.* ("*Brown*") purchasers of "light" cigarettes brought actions against two cigarette manufacturers asserting claims under the Louisiana Unfair Trade Practices and Consumer Protection Act.  *Brown*, 479 F.3d at 386.  The district court ruled that the FCLAA does not preempt the purchasers' state-law claim for fraudulent misrepresentation.  *Id.*

On appeal, the Fifth Circuit reversed the district court holding that the state-law fraudulent misrepresentation claims based on the manufacturers' use of FTC-approved descriptors "lights" and "lowered tar and nicotine" are preempted by the FCLAA.  *Brown*, 479 F.3d at 391-393.

Phillip Morris contends that the Fifth Circuit's decision in *Brown* establishes as a matter of law that the FCLAA expressly preempts Plaintiffs' UPA claim in its entirety.  (Motion at 1-7).  Philip Morris asserts that the Court's Order overlooked and is contrary to *Brown* and, therefore, should be reconsidered.  (*Id.* at 1).

The Court entered its Order approximately one month after the Fifth Circuit decided *Brown*.  Philip Morris later filed an unopposed motion for stay of proceedings (Doc. No. 107, filed January 23, 2008) which the Court granted (Doc. No. 108, filed January 28, 2008).  Philip Morris sought the stay pending the United States Supreme Court's decision in *Altria Group Inc. and Philip Morris USA, Inc., v. Good* (*"Good"*).  (Doc. No. 107 at 1).  "*Good* is another putative "lights" class action case from the United States Court of Appeals for the First Circuit.  In *Good*, the First Circuit held that claims virtually identical to those raised by Plaintiffs in the instant action were not preempted by federal law."  (*Id.* At 2).

The Supreme Court of the United States decided *Good* on December 15, 2008.  *Good*, 129 S.Ct. 538.  The Supreme Court concluded that the FLCAA does not pre-empt state-law claims that are predicated on the duty not to deceive, thereby abrogating *Brown*.  *Id.* at 546, 551 ("Petitioners' misunderstanding is the same one that led the Court of Appeals for the Fifth Circuit, when confronted with a 'light' descriptors claims [in *Brown*], to reach a result at odds with the Court of Appeal's decision [affirmed by the Supreme Court of the United States] in this case.").

3

**Express Permission to Use "Lights" and "Lowered Tar and Nicotine" on Cigarette Packages**

Philip Morris argues that the Court should reconsider its denial of Philip Morris' motion for summary judgment "with respect to the UPA exemption because the FTC expressly permits such descriptors on cigarette packages." (Motion at 7). The UPA exemption provides:

> Nothing in the Unfair Practices Act shall apply to actions or transactions expressly permitted under laws administered by a regulatory body of New Mexico or the United States, but all actions or transactions forbidden by the regulatory body, and about which the regulatory body remains silent, are subject to the Unfair Practices Act.

N.M. STAT. ANN. § 57-12-7.

Philip Morris agrees that the Court "properly concluded that the FTC has 'expressly permitted' the use of the terms 'lowered tar and nicotine' and 'Lights' in cigarette *advertising* so long as the *advertising* included the FTC-Method tar and nicotine ratings." (*Id.* at 8) (*emphasis added*). However, Philip Morris contends "the Court erred when it held that the FTC did not 'expressly permit use of the term 'Lights' on cigarette *packages* when there is no disclosure of the FTC Method ratings of the cigarettes.'" (*Id.*) (*emphasis added in original*). Philip Morris argues that:

> The FTC's conduct over three decades enforcing the regulatory policy established in its 1967 policy statement and 1970 voluntary agreement, and confirmed in the *American Brands* consent decree, shows that its express policy is to permit the "lights" and "lowered tar and nicotine" descriptors on packages and advertisements so long as all *advertisements* for those products contain the FTC-Method tar and nicotine numbers.

(Motion at 9) (*emphasis in original*). Philip Morris supports its argument with the Supplemental Affidavit of former FTC Chairman James C. Miller III (Doc. No. 85-2, filed March 30, 2007) which states that the FTC closely monitored American Brands' compliance with the consent decree and that the "FTC was aware that American Brands (and other cigarette manufacturers) were using

4

descriptors such as 'lights' on packs, without including FTC tar and nicotine numbers on the packs." (Motion at 9-10). Philip Morris concludes that "despite the FTC's close monitoring of compliance with its orders, the FTC has *never* challenged this use of descriptors on the packs" thereby "confirming that the agency's express policy is to permit the use of descriptors so long as the advertisements contained the FTC-Method tar and nicotine numbers." (Motion at 10).

The United States Supreme Court reviewed the FTC's 1966 industry guidance regarding factual statements regarding tar and nicotine content of cigarette smoke, the FTC's 1967 letter to the National Association of Broadcasters stating the FTC would not challenge statements of tar and nicotine content when they are shown to be accurate, the FTC's 1970 proposed rule requiring manufacturers to disclose tar and nicotine yields as measured by Cambridge Filter Method testing, and the FTC's suspension in 1971 of its rulemaking after leading cigarette manufacturers submitted a voluntary agreement to disclose tar and nicotine content in their advertising. *Altria Group, Inc. v. Good*, 129 S.Ct. 538, 549-550 (2008). Based on its review, the United States Supreme Court concluded that the FTC has not "condoned representations of those yields through the use of 'light' or 'low tar' descriptors." *Good*, 129 S.Ct. at 550. The United States Supreme Court also noted that the "FTC's failure to require [cigarette manufacturers Philip Morris and Altria Group] to correct their allegedly misleading use of 'light' descriptors is not evidence to the contrary; agency nonenforcement of a federal statute is not the same as a policy of approval." *Good*, 129 S.Ct. at 550 (concluding that "neither the handful of industry guidances and consent orders . . . nor the FTC's inaction with regard to 'light' descriptors even arguably justifies the pre-emption of state deceptive practices rules.").

**Conclusion**

Philip Morris asked the Court to reconsider its Order because (1) the Fifth Circuit's decision in *Brown* is contrary to this Court's Order, and (2) the various FTC statements and FTC's enforcement conduct shows that the FTC's express policy is to permit the "lights" and "lowered tar and nicotine" descriptors on packages. The United States Supreme Court's decision in *Good* abrogated *Brown* and held that neither FTC's various decisions with respect to statements of tar and nicotine nor the FTC's inaction regarding "light" descriptors justifies preemption of state deceptive practices rules. The Court will deny Philip Morris' Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated this 30th day of March, 2009.

_____
**MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiffs:*

Gerard V. Mantese
Mark Rossman
1361 East Big Beaver Road
Troy, MI 48083

William S. Ferguson
1720 Louisiana Blvd. NE, #100
Albuquerque, NM 87110

*Attorney for Defendant Altria Group, Inc.:*

Richard E. Olson
P.O. Box 10
Roswell, NM 88202-0010

*Attorneys for Defendant Phillip Morris, USA:*

Andrew G. Schultz
P.O. Box 1888
Albuquerque, NM 87103-1888

Gregory P. Stone
Martin D. Bern
Daniel P. Collins
255 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560